UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-cr-00305-BO

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) |
| BASIT JAVED SHIEKH | ) MEMORANDUM OF LAW IN SUPPORT |
| Defendant. | ) OF MOTION OF THE UNITED |
|  | ) STATES FOR PRETRIAL |
|  | ) CONFERENCE PURSUANT TO THE |
|  | ) CLASSIFIED INFORMATION |
|  | ) PROCEDURES ACT |

The United States of America, by and through its undersigned counsel, respectfully submits this memorandum to apprise the Court of the applicability of the Classified Information Procedures Act, 18 U.S.C. App. III ("CIPA"), to issues involving classified information which may arise before and during trial; and in support of the motion of the United States for a pretrial conference, pursuant to Section 2 of CIPA, to consider such matters.

The United States submits these pleadings at this time because, in the course of reviewing materials relating to one or more of the defendants, classified material exists which may be subject to disclosure in advance of trial under applicable rules, statutes and/or case law. Furthermore, the United States believe

that disclosure of this material will raise issues of national security that the Court should address if such material is to be provided to the defense. Because there are additional materials which now must be reviewed to ensure that the United States fully complies with its discovery and other obligations, the United States respectfully requests that the Court schedule the conference requested herein at a time that will afford the United States an opportunity to complete its review of the materials in question.

## I. DEFINITIONS, PRETRIAL CONFERENCE, <u>PROTECTIVE ORDERS AND DISCOVERY</u>

A. <u>Definitions of Terms.</u> Section 1 of CIPA defines "classified information" and "national security," both of which are terms used throughout the statute. Subsection (a) defines "classified information" as "any information or material that has been determined by the United States Government pursuant to an Executive Order, statute, or regulation, to require protection against unauthorized disclosure for reasons of national security...." Subsection (b) defines "national security" as "the national defense and foreign relations of the United States."

B. <u>Pretrial Conference.</u> Section 2 provides that "[a]t any time after the filing of the indictment or information, any party may move for a pretrial conference to consider matters relating to classified information that may arise in connection with the prosecution." After such a motion is filed, Section 2 states that the district court "shall promptly hold a pretrial conference

3

to establish the timing of requests for discovery, the provision of notice required by Section 5 of [CIPA], and the initiation of the procedure established by Section 6 of [CIPA]."

  C. <u>Protective Orders.</u> Section 3 of CIPA requires the court, upon the request of the United States, to issue an order "to protect against the disclosure of any classified information disclosed by the United States to any defendant in any criminal case...."

  D. <u>Discovery of Classified Information by the Defendant.</u> Section 4 provides, in pertinent part, that "[t]he court, upon sufficient showing, may authorize the United States to delete specified items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure, to substitute a summary of the information for such classified documents, or to substitute a statement admitting the relevant facts that classified information would tend to prove." Like Rule 16(d)(1) of the Federal Rules of Criminal Procedure, Section 4 of CIPA provides that the United States may demonstrate, in an <u>in camera, ex parte</u> submission to the Court, that the use of such alternatives is warranted. <u>United States</u> v. <u>Rezaq,</u> 156 F.R.D. 514, (D.C. Cir. 1994); <u>United States</u> v. <u>Yunis,</u> 867 F.2d 617, 622-23 (D.C. Cir. 1989); <u>see also</u> <u>United States</u> v. <u>Sarkissian,</u> 841 F.2d 959, 965 (9th Cir. 1988) (<u>ex parte</u> proceedings under CIPA concerning national security information

4

appropriate where "the government is seeking to withhold classified information from the defendant and an adversary hearing with defense knowledge would defeat the purpose of the discovery rules.").

The legislative history of Section 4 makes clear that the Court may take national security interests into account in determining whether to permit discovery to be denied, restricted or deferred.[1]

## II. SECTION 5 AND 6 OF CIPA: <u>NOTICE</u> AND <u>PRETRIAL EVIDENTIARY RULINGS</u>

There are three critical pretrial steps in the handling of classified information under Sections 5 and 6 of CIPA. First, the defendant must specify in detail the precise classified information he reasonably expects to disclose. Second, the Court, upon motion of the United States, shall hold a hearing pursuant to Section 6(a) to determine the use, relevance and admissibility of the proposed evidence. Third, following the Section 6(a) hearing and formal findings of admissibility by the Court, the United States may move to substitute an admission of relevant facts or summaries for classified information that the Court rules to be admissible.

A. <u>The Section 5(a) Notice Requirement.</u> CIPA §5(a) requires a defendant intending to disclose (or cause the

---

[1] S. Rep. No. 96-823, 96th Cong., 2d. Sess. 6 (1980), <u>reprinted in</u> 1980 U.S. Code Cong. & Ad. News at 4300

5

disclosure of) classified matters to provide timely pretrial written notice to the court and the United States. Section 5(a) expressly requires that such notice "include a brief description of the classified information," and the leading case under Section 5(a) holds that such notice "must be <u>particularized,</u> setting forth <u>specifically</u> the classified information which the defendant reasonably believes to be necessary to his defense." <u>United States v. Collins,</u> 720 F.2d 1195, 1199 (11th Cir. 1983) (emphasis added); <u>United States v. Smith,</u> 780 F.2d 1102, 1105 (4th Cir. 1985) (en banc) ("A general statement [by the defendant] of the areas the evidence will cover is insufficient.") This requirement applies to both documentary exhibits and oral testimony, whether it is anticipated to be brought out on direct or cross-examination. <u>See, e.g., United States v. Wilson,</u> 750 F.2d 7 (2d Cir. 1984), <u>cert. denied,</u> 479 U.S. 839 (1986); <u>United States v. Collins, 720 F.2d 1195</u>, (11th Cir. 1983).

If a defendant fails to provide a sufficiently detailed notice far enough in advance of trial to permit the implementation of CIPA procedures, Section 5(b) allows the Court to preclude disclosure of the classified information. <u>United States v. Badia,</u> 827 F.2d 1458, 1465 (11th Cir. 1987). Similarly, if the defendant attempts to disclose at trial classified information which is <u>not</u> described in his Section 5(a) notice, preclusion is the appropriate remedy under Section 5(b) of CIPA. See <u>United States v. Smith,</u> 780 F.2d

6

at 1105 ("A defendant is forbidden from disclosing any such information absent the giving of notice."); see generally United States v. North, 708 F. Supp. 389 (D.D.C. 1988).

B. <u>The Section 6(a) Hearing.</u> The purpose of the hearing pursuant to Section 6(a) of CIPA is "to make all determinations concerning the use, relevance, or admissibility of classified information that would otherwise be made during the trial or pretrial proceeding." 18 U.S.C. App. III, § 6(a). The statute expressly provides that if the motion of the United States under Section 6(a) is filed before trial or the relevant pretrial proceeding, "the court shall rule [on the use, relevance, of admissibility of the classified information at issue] <u>prior</u> to the commencement of the relevant proceeding." <u>Id.</u> (emphasis added).

Section 6(b) of CIPA requires that before any hearing is conducted under subsection (a), the United States must notify the defendant of the hearing and identify the classified information which will be at issue. If the information was not previously made available to the defendant, the United States may, with the Court's approval, provide a generic description of the material to the defendant. Thus, as Congress recognized in enacting CIPA, "the Government would not have to disclose the identity of an undercover intelligence agent not previously disclosed to the defendant; instead, the Government would describe the information as 'the

7

identity of an undercover intelligence agent' if this meets with court approval." 1980 U.S. Code Cong. & Ad. News at 4301.

At the Section 6(a) hearing, the Court hears the defense proffer and the arguments of counsel, and then rules whether the classified information identified by the defense is relevant under Rule 401 of the Federal Rules of Evidence. United States v. Smith, 780 F.2d at 1106.[2] The Court's inquiry does not end there, however, for under Rule 402 of the Federal Rules of Evidence, "[n]ot all relevant evidence is admissible at trial." Id. The Court must also determine whether the evidence is "cumulative prejudicial, confusing, or misleading," so that it should be excluded under Rule 403 of the Federal Rules of Evidence. United States v. Wilson, 750 F.2d at 9. At the conclusion of the Section 6(a) hearing, the Court must state in writing the reasons for its determination as to each item of classified information.

C. <u>Substitution Pursuant to Section 6(c).</u> In the event that the Court rules that one or more items of classified information are admissible, the United States has the option of "substituting" information for the classified information at issue, pursuant to Section 6(c) of CIPA. The United States may move for permission to

---

[2] CIPA does not change the "generally applicable evidentiary rules of admissibility." United States v. Wilson, 750 F.2d at 9; accord United States v. Yunis, 867 F.2d at 623. Rather, CIPA alters the timing of rulings concerning admissibility, so as to require them to be made before trial. United States v. Poindexter, 698 F. Supp. 316, 318 (D.D.C. 1988); accord United States v. Smith, 780 F.2d at 1106.

8

provide the defense either a substitute statement admitting relevant facts that the classified information would tend to prove, or substitute an unclassified summary of the classified information that would otherwise be disclosable. See <u>United States v Smith,</u> 780 F.2d at 1105. The Court must grant the motion for substitution "if it finds that the admission or summary will leave the defendant in substantially the same position as would disclosure." <u>United States v. North,</u> 910 F.2d 843, 899 (D.C. Cir. 1990).

### III. <u>OTHER RELEVANT CIPA PROCEDURES</u>

A. <u>Interlocutory Appeal.</u> Section 7(a) of CIPA provides for an interlocutory appeal by the United States from any decision or order of the trial judge "authorizing the disclosure of classified information, imposing sanctions for nondisclosure of classified information, or refusing a protective order sought by the United States to prevent the disclosure of classified information." The term "disclosure" relates both to information which the court orders the United States to divulge to the defendant as well as to information already possessed by the defendant which he or she intends to make public. Section 7(b) instructs the Court of Appeals to give expedited consideration to any interlocutory appeal filed under subsection (a).

B. <u>Introduction of Classified Information.</u> In order to prevent "unnecessary disclosure" of classified information, section 8(b) permits the Court to order admission into evidence of only a part of a writing, recording or photograph. Alternatively, the

Court may order into evidence the entire writing, recording or photograph with all or part of the classified information contained therein excised. Excision of such classified information may not be authorized, however, if fairness requires that the whole document, recording or photograph be considered.

Section 8(c) establishes a procedure for addressing the problems that may emerge during the taking of testimony from a witness who possesses classified information not previously found to be admissible. If the defendant knew that a question or a line of inquiry would result in disclosure of classified information, CIPA mandates that he or she give the United States notice under Section 5 of the Act. Section 8(c), in effect, serves as a supplement to the Section 6(a) procedures, addressing circumstances that might not have been anticipated in advance of the taking of testimony. Thus, upon objection of the United States to a defense question or line of inquiry not covered in a Section 6(a) proceeding, the Court must take suitable action to avoid the improper disclosure of classified information by a witness.

<u>Security Procedures.</u> Section 9 of CIPA required the Chief Justice of the United States to prescribe security procedures for the protection of classified information in the custody of federal courts. On February 12, 1981, Chief Justice Burger promulgated these procedures.

### IV. <u>POSSIBLE EXISTENCE OF CLASSIFIED MATERIAL</u>

In the instant case, classified material may exist that could

be subject to disclosure in advance of trial under applicable rules, statutes and/or case law. The disclosure of such material would raise issues of national security that the Court should address before the material is provided to the defense. Pursuant to Section 2 of CIPA, the United States respectfully requests that the Court schedule a pretrial conference to establish a discovery and motion schedule relating to any classified information.

ARGUMENT

As set forth above, under Section 2 of CIPA, any party may move for a pretrial conference to "consider matters relating to classified information that may arise in connection with the prosecution." 18 U.S.C. App. 3, § 2. Once such a motion is filed, the Court "shall promptly hold a pretrial conference..." Id. At the conference, the Court should "establish the timing of requests for discovery, the provision of notice required by Section 5 of [CIPA], and the initiation of the procedure established by Section 6 of [CIPA]." Id.

The government respectfully requests that the conference be scheduled approximately 45 days from the date of submission of this motion. During this time, the government will continue to review all possible classified material and determine potential applicability, nature, and volume.

At the Section 2 pretrial conference, the government will provide an estimate of the time necessary to conduct a complete review of any potentially relevant classified information. Based on that estimate, the Government will provide a proposed schedule

for the filing of motions under CIPA Section 3 relating to protective orders, and under CIPA Section 4 relating to the deletion, substitution and/or disclosure of classified information. Because of the classified nature of certain information, the government will be unable to provide the court with specifics in open court (e.g., the type of information at issue, the amount of information at issue, the period of time when such information was collected, whether agencies other than the FBI are involved, etc.). Should the Court wish to be briefed on such information, the government would request authorization to convey that information <u>ex parte</u> and <u>in camera,</u> either orally at a sealed conference or through a sealed filing.

Finally, should the government determine that there is classified material that may be subject to discovery in this case, pursuant to Section 4 of CIPA, the government will request that the Court authorize an <u>in camera, ex parte</u> submission regarding classified materials that the government believes should be subject to deletion, substitution or disclosure pursuant to protective order. <u>Id.</u> Courts have consistently held that <u>in camera, ex parte</u> submissions to a district court in matters involving national security are proper. <u>See, e.g., United States v. Mejia,</u> 448 F.3d 436, 455 (D.C. Cir. 2006); <u>United States v. Gurolla,</u> 333 F.3d 944, 951 (9th Cir. 2003); <u>Pringle,</u> 751 F.2d at 427.

In regards to its discovery obligations, the government has

and will continue to provide as much information to the defense as is possible. At present, the government has already obtained a large hard drive (2 TB) from the defense upon which it copied a substantial amount of discovery (e.g., mirrored images of the computers, hard drives, and other digital media seized from the Defendant on the day of his arrest). The government has additionally copied a substantial amount of discovery to CDs and along with the hard drive mentioned above, has produced this information to the defense.

## CONCLUSION

For the foregoing reasons, pursuant to CIPA Section 2, the government respectfully requests that the Court schedule a pretrial conference, approximately 45 days from the date of this motion, to address scheduling matters in light of the existence of classified materials.

Respectfully submitted this 26th day of November, 2013.

>THOMAS G. WALKER
>United States Attorney
>
>By: */s/ Jason M. Kellhofer*
>JASON M. KELLHOFER
>Assistant U.S. Attorney
>310 New Bern Avenue, Suite 800
>Raleigh, NC 27601
>Telephone: 919-856-4530
>Fax: 919-856-4487
>E-mail: jason.kellhofer@usdoj.gov
>OH Bar: 0074736

CERTIFICATE OF SERVICE

This is to certify that I have this 26th day of November, 2013, served a copy of the foregoing memorandum upon stand by counsel for the defendant in this action by electronically filing the foregoing with the Clerk of Court, using the CM/ECF system which will send notification of such filing to:


ROBERT E. WATERS
Assistant Federal Public Defender
Attorney for Defendant
Office of the Federal Public Defender
150 Fayetteville Street, Suite 450
Raleigh, North Carolina 27601
Telephone: 919-856-4236
Fax: 919-856-4477
E-mail: Robert_Waters@fd.org
N.C. State Bar No. 32985
LR 57.1 Counsel Appointed


JOSEPH B. GILBERT
Assistant Federal Public Defender
Attorney for Defendant
Office of the Federal Public Defender
150 Fayetteville Street, Suite 450
Raleigh, North Carolina 27601
Telephone: 919-856-4236
Fax: 919-856-4477
E-mail: Joseph_Gilbert@fd.org
N.C. State Bar No. 21395
LR 57.1 Counsel Appointed

A copy has also been mailed via United States Postal Service to:

**BASIT SHEIKH**
Wake County Detention Center
P.O. BOX 2479
Raleigh, NC 27602-2479

                                          /s/ Jason M. Kellhofer
                                        JASON M. KELLHOFER
                                        Assistant United States Attorney
                                        Criminal Division
                                        310 New Bern Avenue
                                        Suite 800 Federal Building
                                        Raleigh, NC 27601-1461
                                        Telephone: (919) 856-4530
                                        Facsimile: (919) 856-4828
                                        E-mail: Jason.Kellhofer@usdoj.gov
                                        Ohio Bar #0074736

15

Case 5:13-cr-00305-BO   Document 25   Filed 11/26/13   Page 14 of 14