UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CR-305-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| BASIT JAVED SHEIKH, | ) | |
| | ) | |
| Defendant. | ) | |

On 20 March 2014, Defendant's counsel requested a psychiatric evaluation of Defendant pursuant to 18 U.S.C. § 4241.[1] On 25 March 2014, this Court granted the request and ordered an evaluation to take place pursuant to 18 U.S.C. § 4247(b).[2] Subsequently, a qualified forensic psychologist conducted such an evaluation, and on 23 May 2014, she provided a report to this Court under 18 U.S.C. § 4247(c). Within her report, the psychologist concluded that the Defendant did not suffer from any mental disease or defect that would render the Defendant incompetent for trial.

However, on 13 October 2014, Defendant's counsel submitted that there existed new facts requiring further evaluation, and thus requested a second evaluation to determine the defendant's competency to stand trial.[3] On 17 October 2014, a hearing regarding

---

[1] *See* DE 53.

[2] *See* DE 54.

[3] *See* DE 70.

the necessity of a second competency evaluation took place before this Court. Defense counsel noted that he had conferred with the forensic psychologist who had conducted the prior evaluation and that the psychologist had agreed that the new facts could affect her conclusion. On 20 October 2014, this Court granted the defense's request and ordered that a second examination be accomplished in an expedited manner, that the report be filed no later than 8 December 2014, and that arraignment and trial be continued until 15 December 2014.[4]

On 8 December 2014, after completing her second evaluation, the forensic psychologist provided this Court with her second report under 18 U.S.C. § 4247(c).[5] Within the second report, she concluded that the Defendant is "incompetent to stand trial or make other decisions regarding his legal case...he lacks the understanding of the nature and consequences of the proceedings against him and he is unable to assist properly in his defense."[6] **WHEREFORE**, the parties having not submitted any evidence to the contrary, the Court adopts this finding.

Accordingly, **IT IS ORDERED**, pursuant to 18 U.S.C. § 4241(d), that the Defendant be remanded to the custody of the Attorney General to be hospitalized in a suitable facility for a period not to exceed

---

[4] *See* DE 76.

[5] By this time, the Court had rescheduled the arraignment and trial to 8 January 2015. *See* DE 79.

[6] *See* DE 82.

120 days in order to restore his competency or to determine whether there is a substantial probability that his competency will be restored in the foreseeable future.

**IT IS FURTHER ORDERED** that the arraignment and trial is continued until further notice. The period of delay resulting from such continuance shall be excluded from the speedy trial computation under 18 U.S.C. § 3161(h)(4).

SO ORDERED, this ___ day of January, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE