IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:13-CR-305-BO

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| BASIT SHEIKH. | ) | |
| | ) | |

This cause comes before the Court on defendant's sealed motion to determine competency [DE 151]. A hearing was conducted before the undersigned on February 27, 2018 at Raleigh, North Carolina. This Court orders that the determination of competency be held open an additional 120 days so that defendant's treating physicians may determine whether defendant's competency level may be further restored.

## BACKGROUND

Defendant Basit Sheikh was charged via criminal complaint on November 4, 2013, with providing material support to a designated terrorist organization in violation of 18 U.S.C. § 2339(b). DE 1. An indictment was returned against him on the same charge the next day. DE 10.

Defendant's competency to stand trial has been the subject of detailed inquiry by this Court. Defense counsel first moved for a psychiatric examination pursuant to 18 U.S.C. § 4241 to determine defendant's competency to stand trial on March 20, 2014. DE 53. On May 29, 2014, a Bureau of Prisons forensic psychiatrist filed a report declaring defendant was competent. DE 57. Those findings were adopted by this Court on June 17, 2014. DE 59. Defense filed a second motion to determine defendant's competency on October 13, 2014. DE 70. Another evaluation followed, this time finding that defendant was not competent. DE 82. Following a hearing before the undersigned on January 7, 2015, defendant was committed for 120 days in

order to determine whether his competency could be restored. DE 85. The psychiatric report received on May 22, 2015 indicated to this Court that defendant was still not competent. DE 87. The government moved to involuntarily medicate defendant on June 3, 105. DE 89. A *Sell* hearing to determine whether involuntary medication might restore his competency was held on September 29, 2015. DE 99. On October 13, 2015, this Court entered an order finding it would, and ordering administration of medication. DE 100. That order was appealed and affirmed by the Fourth Circuit. DE 111; *United States v. Sheikh*, 651 F. App'x 168 (4th Cir. 2016). Defendant began receiving haloperidol decanoate, also known as Haldol, by injection beginning in July 2016. DE 117 at 2. On February 6, 2017, this Court received a psychiatric report from a Bureau of Prisons forensic psychiatrist indicating that defendant had been restored to competency. DE 117. Following a hearing at which defense counsel entered no objection, this Court found that defendant was competent on April 13, 2017. The case proceeded towards trial. On February 24, 2018, defense counsel moved for a third time to determine defendant's competency. That final motion was the subject of the hearing held on February 27, 2018, and of this order.

## DISCUSSION

Defendant is currently receiving monthly injections of Haldol, an anti-psychotic medication. This medication regimen has led to a marked improvement in his behavior. Defendant is on a lower-level dosage of Haldol due its debilitating side effects, but has never been prescribed a different medication. Up until this point, while being medicated, he has not been found incompetent.

Defense counsel, at the hearing, argued that defendant is incompetent to stand trial. Defense counsel called Dr. Stelmach to testify as to defendant's competency. Dr. Stelmach is not defendant's treating physician, but rather has evaluated defendant in preparation for a potential

insanity defense and to opine on his competency. At the hearing, Dr. Stelmach testified that defendant is not competent, as he suffers from delusional thinking and cannot understand the nature of the proceedings against him or otherwise assist in his defense. Dr. Stelmach also stated that another form of medication, instead of Haldol, could potentially improve defendant's competency, especially as defendant's side effects require a lower dosage of Haldol.

The question before this Court, after years of inquiry, remains whether defendant is competent to proceed with trial. The government did not object at the hearing to a final determination, over a limited span of time, of whether defendant's competency can be further restored or if his current status is the ceiling.

To resolve the issue, this Court finds that defendant should receive a further 120 days of treatment to determine if a different course of medication would improve defendant's level of competency. The Court recommends that this evaluation be done at the Federal Correctional Complex in Butner, North Carolina. Following the 120-day period, a report shall be filed with the Court and copies served on counsel for defendant and the United States Attorney as provided by 18 U.S.C. § 4247(c). Defendant's treating physicians shall have fourteen (14) days to prepare and file this report after the conclusion of the treatment period. Upon a determination of competency, the case will be set for trial.

## CONCLUSION

It is hereby ORDERED that an examination of defendant be conducted in order to determine whether defendant's medication can be changed such that he may be further restored to competency, and, if so, for that change to take place. Defendant's motion will be held in abeyance pending the conclusion of the treatment period and the filing of the psychiatric report.

The Clerk of Court is DIRECTED to send a copy of this Order to the Warden at FCI–Butner electronically and via regular mail.

SO ORDERED, this ___1___ day of March, 2018.

                                                *Terrence Boyle*
                                                TERRENCE W. BOYLE
                                                UNITED STATES DISTRICT JUDGE